MARY'S OPINION HEADING 








NO. 12-09-00259-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

ADAM CAMERON,                                      §                      APPEAL
FROM THE 2ND

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      CHEROKEE
 COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

Adam Cameron appeals his
conviction for aggravated sexual assault.  Appellant’s counsel has filed a brief
asserting compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

A Cherokee County grand jury
indicted Appellant for the felony offense of aggravated sexual assault.  In the
indictment, the grand jury alleged that Appellant penetrated the sexual organ
of a girl younger than the age of fourteen with his sexual organ.[1]
 

Appellant pleaded not guilty at
his trial.  The State offered evidence including the complaining witness’s
testimony, the testimony of a police officer, recordings of telephone calls
made by Appellant, and the testimony of a nurse who examined the complaining
witness.  The jury found Appellant guilty as charged.  The trial court, after
conducting a sentencing hearing, sentenced Appellant to imprisonment for twelve
years.  This appeal followed.  

Analysis Pursuant to Anders v. California

Appellant=s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a
thorough chronological summary of the procedural history of the case and
further states that counsel is unable to present any arguable issues for
appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have likewise reviewed the record for reversible error
and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered July 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.021(a)(2)(B)
(Vernon Supp. 2009).